# COUNTY OF WALDO.

———o———

ORR CUNNINGHAM *versus* MOSES BUCK.

In order to secure a lien upon logs by one who performed labor in cutting them, in pursuance of the statute of 1848, chap. 72, the attachment must be made by virtue of a legal precept conferring the requisite authority upon the officer acting under it.

A declaration in common form on an account containing no allegation of any claim upon the logs or authority to attach them only as the goods or estate of the debtor, judgment and execution corresponding, will not authorize a sale of the logs upon such execution to satisfy a lien claim.

EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

This action is brought against the defendant as a deputy sheriff for negligently keeping and not delivering the property attached on a writ Orr Cunningham v. James J. Twombly, which action was assumpsit in common form, upon an account for labor upon logs, which the plaintiff claims to hold as a lien for payment of his labor.

The defendant attached a quantity of logs, upon said writ, in the Penobscot boom, as the same upon which the plaintiff labored, but did not state whose property they were.

Judgment was recovered against Twombly and execution issued against his goods, chattels, and lands, upon which another officer demanded the logs of this defendant, in default of which this action is brought against him.

The character of the instructions to which exceptions are taken appear in the opinion of the court.

*N. Abbott*, counsel for the plaintiff.

*C. P. Brown*, counsel for the defendant.

HATHAWAY, J. The plaintiff labored, cutting and hauling logs, for James J. Twombly, and sued him for his wages,

intending to secure his statute lien upon the logs on which he had wrought.

The defendant, a deputy sheriff, to whom the plaintiff's writ against Twombly was delivered for service, attached the logs thereon November 23, 1853.

The plaintiff recovered judgment against Twombly, on which execution was duly issued, January 18, 1855, and delivered to John H. Wilson, a deputy sheriff, for collection, who duly demanded the logs attached, which the defendant did not deliver, and hence this action was commenced against him.

By statute of 1848, chap. 72, entitled "an act giving to laborers on lumber a lien thereon," it is provided in sec. 2 that " any person having a lien as aforesaid may secure the same by attachment, &c." It is obvious that such attachment must be made by virtue of a legal precept, in some form conferring the requisite authority upon the officer acting under it.

The writ against Twombly, upon which the logs were attached, commanded the officer (the defendant) " to attach the goods or estate of James J. Twombly, and particularly a quantity of logs lying in Penobscot river, (describing, by their marks the logs upon which the plaintiff had worked,) upon which the plaintiff claims to have a lien, by virtue of a statute entitled "an act to secure to laborers on timber a lien thereon."

The declaration was in the common form, on an account against Twombly, annexed, and contained no allegations of any claim upon the logs; nor did the precept authorize the defendant to attach the logs only, as " the goods or estate of Twombly."

The plaintiff's execution, upon which Wilson demanded the logs, was against the goods, chattels, and lands of Twombly, and for want thereof against his body. It neither commanded or authorized the officer to take the property of any other person than the judgment debtor.

It does not appear that Twombly ever owned the logs, or

Cunningham *v.* Buck.

had any interest in them, except as an operator under another person or persons, and there was evidence in the case that he had received his pay for hauling them, and had sold and conveyed whatever interest he had in them, to Leadbetter, before they were attached by the defendant, by whose return upon the writ, it appears that they were not attached as Twombly's property.

To render the defendant liable in this suit, the attachment of the logs must have been authorized by his precept against Twombly. It must have been a valid attachment, which, when made, he would have been bound to preserve, and the demand made by Wilson must have been for property attached, which he could lawfully dispose of, and appropriate the proceeds thereof, in payment of the execution in his hands, and which the defendant was under legal obligations to deliver to him for that purpose.

The instructions of the presiding judge, to which exceptions were taken, assumed that the precept against Twombly authorized the attachment, and that the attachment was valid, and that the execution authorized the demand, upon which the defendant was bound to deliver the logs attached.

They held the defendant liable, without any regard to the question whether or not Twombly had any interest in the logs at the time of the attachment, or at any other time.

There was error in the instruction given, and as agreed by the parties, the default must be taken off, and the action stand for trial.